# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDA DECOSTA, on behalf of her son, Matthew Allen Bucktrot, deceased, and all others entitled to recover for his wrongful death, )<br><br>Plaintiff, )<br><br>v. )<br><br>HUDSON INSURANCE COMPANY, )<br><br>Defendant. ) | Case No. 11-CV-0034-CVE-FHM |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion to Remand to District Court of Creek County, Oklahoma (Dkt. # 8). Plaintiff Linda DeCosta, on behalf of her son and all those entitled to recover for his death, originally brought this declaratory judgment action in the District Court of Creek County, State of Oklahoma. Dkt. # 2-1, at 2. On January 14, 2011, defendant Hudson Insurance Company (Hudson) removed to this Court on the basis of diversity jurisdiction (Dkt. # 2). Defendant filed a Motion to Dismiss for Lack of Service/Insufficient Service of Process and Lack of Personal Jurisdiction (Dkt. # 5), and plaintiff filed a Motion to Abate Defendant's Motion to Dismiss (Dkt. # 9). Plaintiff now asks the Court to remand this case to the District Court of Creek County for lack of subject matter jurisdiction.

### I.

On December 21, 2007, Matthew Allen Bucktrot was killed in an automobile accident in Creek County, Oklahoma. Dkt. # 2-1, at 2. DeCosta, Bucktrot's mother, subsequently filed a wrongful death action for money damages in the District Court of Creek County, Oklahoma. Dkt. # 8, at 1. DeCosta also filed this declaratory judgment action against Hudson, the alleged

uninsured/underinsured carrier for Bucktrot. Dkt. # 2-1. In the declaratory judgment petition, she alleges that, at the time of Bucktrot's death, Hudson had entered into one or more insurance contracts with the Muscogee (Creek) Nation of Oklahoma (the Creek Nation). Id. at 3. She further alleges that the insurance contract contained provisions that required Hudson to indemnify the Creek Nation for compensatory damages that it or other "Assureds" under the contract were entitled to collect from the owner or driver of an uninsured or underinsured automobile if the damages resulted from an accident causing bodily injury. Id.

DeCosta claims that Bucktrot was an "Assured" under the insurance contract and that, at the time of the accident that caused his death, Bucktrot was a passenger in a "covered automobile" under the terms of the contract. Id. Therefore, she claims that she and others entitled to recover for Bucktrot's wrongful death are entitled to recover under the uninsured/underinsured motorist provisions of the insurance contract with Hudson. Demand was made of Hudson under the terms of the insurance contract, but it denied the claim. Id. DeCosta now seeks a declaration that "Bucktrot was an assured under the terms of Hudson's insurance contract with the Creek Nation and that [she] and others who are entitled to bring claims for the death of [Bucktrot] are entitled to receive the uninsured/underinsured motorist benefits from Hudson's contract with the Creek Nation." Id. at 4. Following the filing of the declaratory action, Hudson filed a notice of removal asserting that both elements of diversity jurisdiction were present. Dkt. # 2.

## II.

Removal to federal court is possible for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28. U.S.C. § 1441. District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000,

2

exclusive of interest and costs, and is between . . . citizens of different [s]tates." 28 U.S.C. § 1332(a). Under [§ 1332], a party must show that complete diversity of citizenship exists between the adverse parties. Symes v. Harris, 472 F.3d 754, 758 (10th Cir. 2006). The burden is on the defendant to prove by a preponderance of the evidence that the amount in controversy element of diversity jurisdiction has been satisfied. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289-90 (10th Cir. 2001).

Where a defendant chooses to exercise the right of removal, it must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . [or] after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). "[G]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record." Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 F. App'x 775, 778 (10th Cir. 2005)(unpublished).[1]

### III.

Hudson is a foreign corporation established under the laws of Delaware, with its principal place of business in New York. Dkt. # 2, at 2. DeCosta is a resident of Oklahoma. Dkt. # 2-1, at 1. Therefore, the requirement of complete diversity under § 1332 has been met. DeCosta does not contest the diversity of the parties, but argues that the amount in controversy requirement has not

---

[1] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

been satisfied because she seeks declaratory relief, not money damages, in her suit against Hudson. Dkt. # 8.

Contrary to plaintiff's arguments, claims for declaratory relief, without an accompanying request for money damages, may provide a basis for federal jurisdiction. In a declaratory judgment action, the amount in controversy is measured by the value of the object of the litigation. City of Moore, Okla. v. Atchison, Topeka, & Santa Fe Ry. Co., 699 F.2d 507, 509 (10th Cir. 1983). The Tenth Circuit Court of Appeals follows the "either viewpoint rule," which "considers either the value to the plaintiff or the cost to defendant of . . . declaratory relief as the measure of the amount in controversy for purposes of meeting the jurisdictional minimum." Lovell v. State Farm Mut. Auto. Ins. Co., 466 F.3d 893, 897 (10th Cir. 2006); see also Moore, 699 F.2d at 509 ("to determine the amount in controversy, [courts] look to the pecuniary effect an adverse declaration will have on either party to the lawsuit").

Under 28 U.S.C. § 1332(a), the removing defendant has the burden of proving that the amount in controversy exceeds $75,000. "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000]." Laughlin v. K-Mart Corp., 50 F.3d 871, 873 (10th Cir. 1995)(internal citations omitted)(emphasis in original). Conclusory statements by the party seeking removal that the amount in controversy exceeds $75,000 are insufficient. See id. Thus, where the face of the complaint does not affirmatively establish the requisite amount in controversy, a removing defendant must set forth, in the removal documents, not only the defendant's good faith belief that the amount in controversy

4

exceeds $75,000, but also an analysis of plaintiff's claims for damages to prove the jurisdictional amount. Chidester v. Kaz, Inc., No. 07-CV-0084-CVE-PJC, 2007 WL 1087728, at * 2 (N.D. Okla. April 9, 2007)

The Tenth Circuit clarified the burden on a defendant seeking to prove the jurisdictional amount for removal purposes in McPhail v. Deere & Co., 529 F.3d 947 (10th Cir. 2008). In McPhail, the Tenth Circuit noted the inequity of allowing plaintiffs to gain jurisdiction in federal court by merely alleging that the amount in controversy exceeded the jurisdictional amount but allowing defendants to gain federal jurisdiction only after proving the amount by a preponderance of the evidence. 529 F.3d at 953. The court was particularly concerned by the lack of information typically available to defendants seeking to remove a case, and the need to protect the interests of those parties. Id. As a result, it concluded that although a defendant seeking removal has the burden of establishing jurisdictional facts by a preponderance of the evidence, "jurisdiction itself is a legal conclusion, a consequence of facts rather than a provable fact." Id. at 954 (citing Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 540-43 (7th Cir. 2006)(emphasis in original)). Thus, once the requisite jurisdictional facts are established by a preponderance of the evidence, "a defendant is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake. If the amount is uncertain then there is potential controversy, which is to say that at least $75,000 is in controversy in the case." Id. at 954.

In its notice of removal, Hudson states that it is clear from the face of the petition that the amount in controversy exceeds $75,000 because DeCosta is seeking a declaration that she is entitled to recover compensatory damages for the wrongful death of her son under an insurance policy that has a $1,000,000 per occurrence limit. Dkt. # 2, at 3. However, while policy limits may set a

5

maximum amount in controversy, see State Farm Mut. Auto. Ins. Co. v. Narvaez, 149 F.3d 1269, 1271 (10th Cir. 1998), a policy limit in excess of $75,000 is not sufficient to establish that the jurisdictional threshold has been met. This is particularly true where, as here, the plaintiff alleges that she is entitled to "receive the uninsured/underinsured motorist benefits" from the insurance contract, not that she is entitled to benefits in the full amount of the policy. Dkt. # 2-1, at 4. The Court therefore looks beyond the policy limit to determine the amount in controversy.

Although DeCosta's petition against Hudson is for declaratory relief, she has a separate action for damages pending in state court. If DeCosta prevails in the damages action, she has signaled her intention to seek recovery from Hudson under the uninsured/underinsured provision of the insurance contract. Therefore, the value of the object of the litigation is the amount that Hudson would be obligated to pay to DeCosta under the policy if she prevails in the underlying action for damages. Given the nature of the insurance coverage at issue, that amount will depend on both the potential amount of damages awarded and the amount of insurance coverage available to the wrongful death defendants.

DeCosta's damages action is based on "negligent and reckless" conduct of the defendants that allegedly caused the death of her son and injury to her and her husband. Dkt. # 8-1, at 1-2. Although the petition does not provide an explicit basis for her claim, the parties agree that she is proceeding on a wrongful death theory. Dkt. ## 8, at 1; 10, at 4. As required by Oklahoma pleading rules,[2] her petition states only that she claims damages "in excess of $10,000," as well as punitive

---

2    DeCosta filed her wrongful death suit in 2008. Until 2009, OKLA. STAT. tit. 12, § 2008(A) required that a party not seeking a particular amount of damages state only that the damages sought were "in excess of $10,000" where appropriate. Parties seeking less than $10,000 were required to specify the amount of the damages sought to be recovered. Id. That section was amended in 2009 to require "[e]very pleading demanding relief for damages in money

6

damages, costs, and attorney fees. Id. at 2. Because the petition lacks an explicit demand for more than $75,000, Hudson "must show how much is in controversy through other means." McPhail, 529 F.3d at 955.

Hudson's notice of removal contains no economic analysis of plaintiff's claims or facts from which the Court is able to deduce the potential amount of plaintiff's recovery against Hudson in this declaratory judgment action. Nevertheless, the fact that plaintiff's underlying claim is one for wrongful death may be sufficient to establish the jurisdictional threshold on the face of the complaint. See McPhail, 529 F.3d at 957 (stating in dicta that a complaint under the Oklahoma wrongful death statute "may be sufficient by itself to support removal"). But even assuming that an amount in excess of $75,000 is at issue in the underlying action for damages, Hudson has provided no jurisdictional facts or analysis about the limits of the insurance coverage carried by the wrongful death defendants. Therefore, the Court is left to speculate as to what amount Hudson might be liable for uninsured/underinsured benefits in the event that DeCosta prevails in both actions. Hudson has failed to provide sufficient jurisdictional facts to determine the value of the object of the litigation, and has not proven the existence of a sufficient amount in controversy by a preponderance of the evidence. Thus, the Court lacks subject matter jurisdiction, and remand to the state court is appropriate.

---

in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code [to] . . . set forth only that the amount sought as damages is in excess of the amount required for diversity jurisdiction . . . ." The amendment does not apply to DeCosta's action.

## IV.

DeCosta seeks an award of attorney fees incurred as a result of the removal. Under 28 U.S.C. § 1447(c), "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The award of such fees turns on the reasonableness of the removing party's actions. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). While ultimately unsuccessful, defendant's removal was not unreasonable; it was simply insufficient. Thus, the Court finds that an award of fees in this case would not be appropriate. **IT IS THEREFORE ORDERED** that plaintiff's Motion to Remand to District Court of Creek County, Oklahoma (Dkt. # 8) is **granted** as to remand and **denied** as to an award of attorney fees. The Court Clerk is directed to remand this case to the District Court of Creek County.

**DATED** this 24th day of March, 2011.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT